**William and Gail REDDY, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 76 C 4654.**

United States District Court, N. D. Illinois, E. D.

Aug. 31, 1977.

James H. Reddy, Chicago, Ill., for plaintiffs.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant tax refund action involves a challenge to the Internal Revenue Department Treasury Reg. 1.44–2, 26 C.F.R. § 1.44–2, promulgated pursuant to 26 U.S.C. § 44 of the Internal Revenue Code of 1954, *as amended.* Plaintiffs contend that they are entitled to a tax credit for 1975 due to the purchase of a new principal dwelling pursuant to section 44. Presently before the court are cross-motions for summary judgment based on stipulated facts. After considering the arguments presented by the parties, this court is of the opinion that Treasury Reg. 1.44–2, 26 C.F.R. § 1.44–2 is valid and summary judgment is appropriate on behalf of the defendant United States.

The undisputed stipulated facts are as follows: Plaintiffs are the owners of a condominium in Palos Hills, Illinois. The condominium is plaintiffs' principal residence and was acquired from the developer on November 24, 1975. The condominium is located in a building which was part of a Planned-Unit Development which, prior to March 26, 1975, had the streets, curbs, gutters, sewer system and water system (including individual water taps to each proposed building) completed. However, prior to March 26, 1975 the work on the building in which plaintiffs' condominium was located was limited to clearing the land in preparation for excavating of footings and foundations and no actual work on the footings and foundations, including the pouring of concrete, had commenced.

Section 44 of the Internal Revenue Code provides that an individual is allowed a tax credit "an amount equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer." 26 U.S.C. § 44(a). However, such tax credit is limited to new principal residences, "the *construction* of which began before March 26, 1975." *Id.* § 44(e)(1)(A) (emphasis supplied). To implement this provision, the Secretary of the Treasury promulgated Treas.Reg. 1.44–2 which provides:

The provisions of section 44 and the regulations thereunder apply to a new principal residence which satisfied the following conditions:

(a) *Construction.*—The construction of the residence must have begun before March 26, 1975. For this purpose construction is considered to have commenced in the following circumstances: (1)(i), Except as provided in subparagraph (2) of this paragraph, construction is considered to commence when actual physical work of a significant amount has occurred on the building site of the residence. A significant amount of construction requires more than drilling to determine soil conditions, preparation of an architect's sketches, securing of a building permit, or grading of the land. *Land preparation and improvements such as clearing and grading* (excavation or filling), *construction of roads and sidewalks, and installation of sewers and utilities are not considered commencement of construction of the residence even though they might involve a significant expenditure.* However, driving pilings for the foundation, digging of the footings, excavation of the building foundation, pouring of floor slabs, or construction of compacted, earthen pads when specifically prepared and designed for a particular residential structure and not merely as a part of the overall land preparation, constitute a significant amount of construction of the residence. In the case of a housing or condominium development construction of recreational facilities no matter how extensive does not by itself constitute commencement of construction of any residential unit. However, where residential units are part of a building structure, as in the case of certain condominium and cooperative housing units, then digging of the footings or excavation of the building foundation constitutes commencement of construction for all units in that building.

26 C.F.R. § 1.44–2 (emphasis supplied).

Thus, it is clear that under the provisions of Treas.Reg. 1.44–2 plaintiffs are not enti-

tled to the tax credit they claim in this action. Plaintiffs argue, however, that Treas.Reg. 1.44–2 is invalid since it incorrectly and unreasonably, in light of its enabling statute, section 44, sets the time of "construction" commencement too late. Accordingly, plaintiffs contend that they are entitled to their tax credit for the purchase of their condominium under the terms of 26 U.S.C. § 44, and this court should hold Treas.Reg. 1.44–2 invalid.

This court, however, cannot agree with plaintiffs' contention. As the Supreme Court has stated:

"Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes."

*United States v. Cartwright*, 411 U.S. 546, 557, 93 S.Ct. 1713, 1719, 36 L.Ed.2d 528 (1973), quoting *Commissioner of Internal Revenue v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948). As the Court has recognized, such regulations should not be invalidated "except for weighty reasons." *Bingler v. Johnson*, 394 U.S. 741, 750, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969). *See also Fulman v. United States*, 545 F.2d 268 (1st Cir. 1976), *U. S. appeal pending.*

In the case at bar, plaintiffs have not presented the "weighty reasons" necessary for this court to say that Treas.Reg. 1.44–2 is "plainly inconsistent" with section 44. First, unlike the case in *Busse v. C. I. R.*, 479 F.2d 1147 (7th Cir. 1973), the revenue statute in question is not so clear on its face so as to compel the conclusion that the regulation is inconsistent therewith. Thus, section 44 nowhere attempts to delineate the time at which construction "commenc-

es" for purposes of eligibility for the tax credit. From the face of the statute it appears that Congress intended the Secretary of the Treasury to make that determination based upon his administrative expertise.

Second, the legislative history, in its paucity, does not aid plaintiffs. Thus, although plaintiffs argue that the Senate Report on H.R. 2166 indicates that only those elements of construction concerning "intellectual" preparation are to be excluded from the definition of "construction" in section 44,[1] this history is not so compelling to require this court to hold that Treas.Reg. 1.44–2 is an "unreasonable" implementation of section 44. The Senate Report itself requires that "physical work" must begin on the structure and it is not unreasonable for the Secretary to determine that this physical work must not merely be preparatory, *i. e.*, grading the land or installing sewers.

Accordingly, this court holds that Treas. Reg. 1.44–2 is valid and summary judgment is appropriate on defendant's behalf. It must be recognized that it is not the job of the courts to administer the tax code, but rather the unenviable and thankless assignment of the Secretary of the Treasury. Therefore, summary judgment is entered on defendant's behalf pursuant to Fed.R. Civ.P. 56, and this cause is dismissed.

---

1. "Construction is to be considered to begin only when physical work begins (i. e., not design, blueprints, planning, etc.)." S.Rep. No. 94–36, 94th Cong., 1st Sess. 37 (1975); U.S. Code Cong. & Admin.News 1975, pp. 54, 88.